IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00019-REB-OES

SIRIUS INTERNATIONAL INSURANCE CORP., et al.,

Plaintiff(s),

vs.

JOYERIA 0720, LLC, a Colorado limited liability company,

Defendant(s).

---

ORDER GRANTING DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S EXPERT

---

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  December 8, 2005

Plaintiff is an insurance company that has brought this action in an effort to obtain a declaratory judgment that it is not obligated to reimburse defendant the sum of $80,000 for certain losses from stolen jewelry that defendant allegedly incurred in an aggravated robbery of its store.  Plaintiff claims that defendant is not entitled to reimbursement of $80,000, in part, because defendant failed to adequately document its losses.

Plaintiff has filed a motion to strike in which it asks that defendant's expert witness, Carlos Klinger, be stricken as a witness.  Plaintiff argues that defendant has failed to comply with the requirements of Rule 26(a)(2)(B), because defendant failed to provide any expert report.  The only "report" provided is contained in defendant's disclosures, which was provided to plaintiff on October 11, 2005.  *See* Deft's Mtn, Ex. 1.

Plaintiff also complains that defendant has never at any time provided information in regard to its witnesses *curriculum vitae*, or with regard to prior cases in which its witness may have been involved or testified.

In its disclosures, defendant designates an individual named Mr. Klinger as "an accountant with special knowledgeable [sic] in the areas of Mexican/Latin jewelry retail sales." *See* Deft's Mtn, Ex. 1 at 3. Defendant argues in its Response to plaintiff's motion as follows:

> the defendant's expert has not been retained specifically for this litigation and that further he has not before testified in court or at deposition, authored any published literature on the subject matter, nor does he have a curriculum vitae. Undersigned counsel has further related to opposition counsel that no compensation for testimony will be paid to the proposed expert.
> In short, the proposed expert would be excepted from providing the requested materials requested [sic] since he is not retained for the above entitled matter by the relevant rule. Moreover the requested materials simply do not exist.

## DISCUSSION

Counsel for defendant mis-reads the rules.

First, as defendant acknowledges in its Response, defendant intends to call Mr. Klinger as an expert. Defendant's disclosure is unclear as to the areas for which Klinger will be offered as an expert. Defendant states that Klinger "has acted in the capacity of accounting for the defendant business," which appears to indicate that he will be asked to offer opinions in the field of accounting. Deft's Mtn, Ex. 1 at 3. Defendant also states that "[t]he witness has a special knowledge and expertise with regard to the operation of businesses that cater to the Mexican/Latin Community." Id. This latter area of so-called expertise is unclear. Will Klinger be offered as an expert in

the area of the business of selling jewelry?  Or as an appraiser of the value of jewelry?

Second, regardless of the area of expertise for which defendant will offer Mr. Klinger, defendant has failed to comply with the requirements of the rules in regard to designating Klinger as an expert.  Defendant has so totally failed in its obligations, I hardly know where to begin.

## REQUIREMENTS OF RULE 26

Rule 26(a)(2)(A) provides:

> In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Fed.R.Civ.P. 26(a)(2)(A).

Defendant is attempting – or apparently attempting – to offer into evidence the type of opinion testimony which is regulated by Rule 702 of the Federal Rules of Evidence.  That rule states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702.

Defendant states that Mr. Klinger has "special knowledge and expertise with regard to the operation of businesses that cater to the Mexican/Latin Community," whatever that means.  By defendant's own statements, it is intending to offer opinion

testimony that is governed by Rule 702.  In order to offer such evidence, defendant must comply with the requirements of Rule 26.  As The Advisory Committee Notes explain, Rule 26(a)(2)(B) "continue[s] to use the term 'expert' to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters."  *See* Fed.R.Civ.P. 26(a)(2)(B), Advisory Committee Notes, 1993 Amendments, Paragraph (2).

### MEANING OF "SPECIALLY RETAINED"

Defendant argues that it is not obligated to comply with the requirements of Rule 26 because Mr. Klinger has not been "specially retained."  Defendant interprets "specially retained" to mean that a party must be a paid witness in order to be a witness who has been "specially retained."  Defendant reads the requirement too narrowly.

Parties cannot avoid the obligation to designate their expert witnesses pursuant to Rule 26 through the simple device of not paying them.  Rule 26(a)(2)(B) is only partly concerned with whether a witness is paid or not.  It is primarily concerned with whether a witness will offer the kinds of opinions which are regulated by Rule 702 of the Rules of Evidence.  If so, the party is required to provide to the court and counsel the types of materials that are contemplated by the Rule.

> The reference in Rule 26(b)(4)(B) and the Advisory Committee Note to a "specially employed" expert is properly interpreted as encompassing a regular employee of the party who is designated and assigned by that party to apply his expertise to a particular matter in anticipation of litigation or for trial.  To the extent such an expert discovers facts or forms opinions in the process, the expert has been "specially employed" within the meaning of Rule 26(b)(4)(B).

Graham, Discovery of Experts Under Rule 26(b)(4) of the Federal Rules of Civil Procedure, 1976 U.Ill.L.F. 895, 942.

The word "employ" may be used to indicate that a person is being *paid* to offer certain testimony, but the word is not limited to that meaning. In the context of the federal rules, the word also means that a witness is being *used* for the purpose of presenting testimony in the form of opinions. Id. When a party retains the services of a witness to offer expert testimony, that witness has been "specially retained," whether the witness is paid or not.

## DAUBERT REQUIREMENTS

Numerous other reasons support the conclusion that witnesses may not offer expert opinions if they have failed to provide expert reports. One of the most obvious reasons is that any opposing party is entitled to challenge the qualifications and conclusions of any experts. *See* Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). Additionally, the court is *required* to make preliminary determinations as to the reliability and admissibility of any testimony which is offered pursuant to Rule 702. Id. Neither the opposing party nor the court is able to perform their respective functions if any party is relieved of the obligation to provide an expert report or a *curriculum vitae*. Here, defendant is attempting to avoid its obligation to lay any foundation at all for the admissibility of Klinger's allegedly expert opinions. The rules will not permit defendant to do this.

Plaintiff has presented *no* evidence that would even tend to demonstrate that Klinger is qualified to testify in the areas for which he has been designated. Plaintiff also has failed utterly to provide any evidence, first, that contains the conclusions or opinions that will be offered by Klinger, and, second, the basis upon which Klinger

reached these conclusions or opinions.

The Daubert/Kumho line of cases do not require every expert to provide the same type of report. I recognize that this is not a toxic tort case for which Klinger is being offered to testify with regard to the cause of some exotic disease. But the obligation to provide *some* kind of report exists for every expert, regardless of the area of expertise. Additionally, an expert is not required to maintain a *curriculum vitae* as such, but a party is required *through some means* to show that its expert is qualified by reason of knowledge and experience to offer the opinions. Here, plaintiff has failed to meet *any* of the requirements that arise upon its tender of an expert witness. For that reason, defendant's expert must be stricken.

## PLAINTIFF'S RIGHT TO PREPARE

Finally, numerous cases have noted that "[a] principle purpose of Rule 26(a)(2) is to permit a reasonable opportunity [for opposing counsel] to prepare for effective cross examination and . . . arrange for expert testimony from other witnesses." Washington v. Arapahoe Co. Dept of Soc. Services, 197 F.R.D. at 442, internal quotations omitted, *citing* Sprague v. Liberty Mutual Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998). If one party is relieved of the obligation to provide an expert report for a witness who will offer technical or specialized opinions, the other party is unable to determine whether to depose the witness, and whether to obtain a rebuttal expert. Both of those rationales would be frustrated if plaintiff were able to present expert testimony without complying with the obligations imposed by Rule 26(a)(2)(B).

## ORDER

For all of the above-stated reasons, Plaintiff's Motion to Strike Defendant's Expert [Doc. 21, filed Nov. 8, 2005] is GRANTED, and defendant's expert, Carlos Klinger, is STRICKEN.

Dated at Denver, Colorado, this day of: December 8, 2005

                BY THE COURT:

                s/ O. Edward Schlatter
                _____
                O. Edward Schlatter
                United States Magistrate Judge